# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

|  |  |
|---|---|
| WILLIE DEXTER KIMBROUGH, | |
| Petitioner, | No. C13-3067-MWB |
| vs. | |
| UNITED STATES OF AMERICA,[1] | **ORDER** |
| Respondent. | |

This matter is before the court on the petitioner's application for a writ of habeas corpus and application to proceed in forma pauperis. The petitioner filed both applications on December 30, 2013.

The petitioner improperly brings this action under 28 U.S.C. § 2255. An action under 28 U.S.C. § 2254 is the only vehicle that the petitioner is able to rely on because he is a person in custody pursuant to the judgment of the Iowa District Court for Woodbury County. *See Felker v. Turpin*, 518 U.S. 651, 662 (1996) ("Authority to grant habeas corpus relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'" (quoting 28 U.S.C. § 2254(a))). Further, the petitioner did not comply with Rule 2(d) of the Rules Governing Section 2254 Cases, which requires him to

---

[1] The petitioner brings this action against the United States of America, but the proper respondent in a federal habeas corpus action is "the person having custody of the person detained." 28 U.S.C. § 2243; *see also* 28 U.S.C. § 2242 (stating application shall allege the name of the person who has custody over him); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Thus, the petitioner improperly named the United States of America as the respondent.

substantially follow the form that is typically utilized by those seeking relief under 28 U.S.C. § 2254. Lastly, the court points out that it informed the petitioner in March of 2013 that he must first "exhaust" his federal claims in the appropriate state forum prior to seeking federal habeas corpus review of his state confinement. *See Kimbrough v. Iowa Department of Corrections*, Case #: 3:12-cv-03096 (N.D. Iowa 2013) (citing 28 U.S.C. § 2254(b)(1)(A)). A review of *State v. Kimbrough*, Case No. FECR056830 (Woodbury Cnty. Dist. Ct. 2012), indicates that the Iowa Supreme Court has not yet resolved his direct appeal and, although he filed actions for post-conviction relief, *see Kimbrough v. State*, Case No. PCCV155586 (Woodbury Cnty. Dist. Ct. 2013); *Kimbrough v. State*, Case No. PCCV151657 (Woodbury Cnty. Dist. Ct. 2012), the Iowa District Court for Woodbury County dismissed them without prejudice because he needed to wait for the direct appellate review process to be complete.[2] Because the petitioner is still pursuing claims on direct appeal and he is still able to pursue post-conviction relief as to other claims that he asserts here, it is appropriate to dismiss the petitioner's action for failing to comply with 28 U.S.C. § 2254(b)(1)(A). Before proceeding in this court, the petitioner must provide the Iowa Supreme Court with a full and fair opportunity to review all of his claims, including those that he asserted in his dismissed post-conviction relief actions. And, in the event that he properly exhausts his federal claims, the petitioner is directed to rely on the form that is typically utilized by those seeking relief under 28 U.S.C. § 2254.

**IT IS THEREFORE ORDERED:**

(1) The petitioner's application for a writ of habeas corpus is dismissed without prejudice, and a certificate of appealability is denied.

(2) The petitioner's application to proceed in forma pauperis is denied as moot.

---

[2] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

(3) The clerk's office is directed to send the petitioner the form that is typically used by those who are seeking relief under 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

**DATED** this 23rd day of January, 2014.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA